# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JOSEPH CHAVEZ,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, *et al.*,<br><br>Respondents. | Case No. CV 13-0249 DSF (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate the arguments made in the Petition, and lack merit for the reasons set forth in the Report and Recommendation. There is one issue, however, that warrants brief amplification here. In his Objections, Petitioner alleges that he is entitled to "statutory tolling" because he did not have access to the law library for several months during prison lock downs and vocational training. (Obj. at 5.) Petitioner thus contends that AEDPA's limitation period should begin on the date that he first had access to the law library, rather than the date that his judgment became final. (*Id.*)

Petitioner is mistaken. First, prison lock downs and restricted access to the law

library are not, by themselves, extraordinary circumstances warranting the grant of equitable tolling.¹ (R&R at 6-8); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005). Nor is an assignment to a prison job. (Obj. at 5); *Williams v. Sheperd*, 2005 WL 1837133, at *4 (E.D. Cal. Aug. 1, 2005). Moreover, restricted access to the law library is *only* relevant in determining whether equitable tolling applies, and not, as Petitioner contends, when AEDPA's limitation period begins. (Obj. at 5.) And, regardless, Petitioner appears to concede that the lock downs and vocational training were *temporary*, and that he had access to the law library for *months* preceding the expiration of the limitation period. (*Id.* at 4.) Under these circumstances, the Court cannot find that it was impossible for Petitioner to file a timely federal habeas petition. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).

Accordingly, **IT IS ORDERED THAT**: (1) The Report and Recommendation is approved and accepted; (2) Judgment be entered denying the Petition and dismissing this action with prejudice; and (3) The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court thus declines to issue a certificate of appealability.

10/11/13
DATED: _____

_____
HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

---

¹ Petitioner also appears to confuse the doctrine of statutory tolling with that of equitable tolling. (Obj. at 3, 5.) Petitioner, however, has not demonstrated that he is entitled to *any* statutory tolling on this record. (R&R at 2.)